UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Case No: 0:20-cv-02474 MJD/ECW

William O. Evans, Jr., as Trustee for the
Heirs and Next-of-Kin for Benjamin Evans,

**PLAINTIFF'S MEMORANDUM OF
LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR
ORDER TO SHOW CAUSE, TO
COMPEL, AND TO SEEK
SANCTIONS**

Plaintiff,

vs.

Brian Jeffery Krook, et al.,

Defendants.

## INTRODUCTION

The Rules of Civil Procedure "should be construed, administered, and employed by
the court and the parties to secure the just, speedy, and inexpensive determination of every
action and proceeding." Fed. R. Civ. P. 1. Defendants' motion makes a mockery of this
admonition. Defendants bring this motion solely to waste time and resources, all the while
insisting that Plaintiff hinders their efforts at discovery. They rely on vitriol and hyperbole
to convince this Court that Plaintiff deserves sanctions and civil contempt. Nothing could
be farther from the truth. Plaintiff will demonstrate that Plaintiff complied with the Court's
order, that Defendants suffer no actual or real prejudice, and that sanctions are not
warranted in this case. Plaintiff prays that this Court deny Defendants' motion in its
entirety.

1

## LEGAL ANALYSIS

### I.    Standard of Review

Civil contempt "should not be resorted to where there is [a] fair ground of doubt as to the wrongfulness of the defendant's conduct." *Taggart v. Lorenzen*, 139 S.Ct. 1795, 1801, 204 L.Ed. 2d 129, 2019, quoting *California Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618, 5 S.Ct. 618, 28 L.ED. 1106 (1885)(emphasis added). This standard reflects the fact that civil contempt is a "severe remedy," *Id.* at 1802. This is an objective standard but may be improper if a party's attempt at compliance was "reasonable" *Id.* quoting C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2960, pp. 430-431 (2013). Civil contempt may be warranted when a party acted in bad faith or in the case "of continuing and persistent violations" *Id.* quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949). The Court rejected a strict liability standard that would risk additional federal litigation, additional costs, and additional delays. *Id.* at 1802-1803.

### II.    Plaintiff complied with this Court's Order of December 2, 2021.

Defendants admit that Plaintiff complied with this Court's order but dispute the adequacy of that compliance, thus advocating for a strict liability standard for the imposition of sanctions and civil contempt. This is precisely the approach that the Supreme Court rejected in *Taggart*, above. Defendants exhibited with their motion the recent supplementation to discovery responses that Plaintiff served upon them on January 12,

2

2022. These included Defendants' Exhibit 2, Plaintiff's Supplemental Rule 26 Disclosures, Defendants' Exhibit 3, Plaintiff's Supplemental Answers to Interrogatories from Defendants, Defendants' Exhibit 4, Plaintiff's Third Supplemental Answers to Request for Production of Documents from Defendants. Defendants cite multiple sections of the transcript from the December 2, 2021 hearing before this Court to demonstrate the alleged deficiencies, while giving short shrift to the basic fact that Plaintiff supplied the ordered supplementation as this Court required and has cooperated with their requests in good faith since the beginning of this litigation.

This Court ordered Plaintiff to supplement all the following after Defendants withdrew their motion regarding Interrogatories 8, 11, 12, 13, 16, 18, 19, and 20.

1. Rule 26 Disclosures.

2. Interrogatories 6, 7, 9, 13, 14, 17, and 21.

3. Requests for Production of Documents 2, 3, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 23, 25, 26, and 27.

What Defendants complain of with this Motion are:

1. Interrogatories 6, 9, 17, and 21.

2. Requests for Production of Documents 2, 3, 10, 17, 23, 25, and 26.

This much shorter list demonstrates Plaintiff's reasonable good faith compliance with the Court's Order. This is not the sort of recalcitrant behavior that warrants any type of sanction.

A. **Interrogatory Number 6**

During the meeting to discuss Defendants' objections to discovery, Defense Counsel insisted that Plaintiff needs to supplement Interrogatory number 6 to reflect Benjamin Evans's employment at the Gas House Grill. Counsel made clear that Plaintiff has no recollection, no records or information as to the Gas House Grill. The only mention of the ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ Counsel did not mark as exhibit any documents to corroborate Benjamin Evans' employment at the Gas House Grill. If Defendants obtained records concerning Ben Evans' employment at the Gas House Grill, because they have had a blank employment authorization from Plaintiff for months now, then they need to share those records with Plaintiff. Insisting on an employer that Defense Counsel casually mentioned in a deposition without any support, in the context of discussing Benjamin Evans' medical history is beyond ridiculous. *Haddon Aff., Ex. 1, p 1-2.* Counsel also offered to supply Defendants with an authorization for the Gas House Grill and so they can obtain the records if they haven't already done so. The offer went unanswered. Ms. Porter was also questioned at her deposition about Benjamin Evans' employment history and she did not mention the Gas House Grill. *Haddon Aff., Ex. 2, p 1-4.* Insisting that Plaintiff include an employer that Plaintiff and Ms. Porter know nothing about is beyond the pale.

4

**B. Interrogatory No. 9**

Defendants insist that Plaintiff deliberately did not provide a complete list of Benjamin Evans' medical providers.

having produced them to Defendants on 10/30/2020. Plaintiff did no such thing. We do not have any records of any of these entities, did not disclose them on 10/30/2020, and have no information as to what those records may have contained. This is the same logic that Defense Counsel employs with Gas House Grill, insisting that Plaintiff supplements their interrogatories with entities that they have decided should be disclosed, without any evidence to this Court that those entities ever treated Benjamin Evans or that Plaintiff recalls them having done so. Their insistence will not change that fact in any way.

**C. Interrogatory No. 16**

Interrogatory number 16, Defendants requested social media postings of the next-of-kin, and Stevie Legate, the mother of Benjamin Evans' preschooler. In Holter v. Wells Fargo, the defendants asked the plaintiff, who was alive but injured, for "an electronic copy of Plaintiff's complete Facebook history, including any and all profile information, postings, pictures, and data available pursuant to Facebook's "…" feature." *Holter v. Wells Fargo and Company*, 281 F.R.D. 340, 343 (D. Minn. 2011). Defendant was granted access to plaintiff's own postings, not those of her next-of-kin, entire family, and relatives. The court stated that because plaintiff had placed her mental and emotional state at issue

5

because of her termination, defendant was entitled to that discovery. *Id.* See also, *Ye v. Veissman*, 2016 WL 950948 (N.D. Illinois, March 7, 2016) (the court denied defendants motion for unfettered access to the social media accounts of the next-of-kin); *Rhone v. Schneider National Carriers, Inc., et. al.*, 2016 WL 1594453 (E. D. Missouri, April 21, 2016) (the court granted the disclosure of plaintiff's social media accounts in the personal injury case of a plaintiff claiming great physical and emotional pain); *Issack v. Electrolux Home Prod., Inc.*, 2013 WL 12408935 (D. Minn. Oct. 23, 2013) (the parties agreed in a joint letter to the court to the release of social media content).

Defendants contend that the family's social media posting after April 12, 2018, the day Benjamin Evans was killed, is relevant to their investigation of Plaintiff's damages claim. What kind of a relationship can a family have with a dead relative on social media? This is illogical: He is not there to respond so they do not interact with him and that somehow reflects on their relationship, which cannot possibly exist because he is dead? This is nonsensical, a fishing expedition, and sheer unadulterated harassment. Defendants will never be satisfied with the results of whatever search-and-review that they suggest Plaintiff conduct. Instead, Defendants will find reasons to accuse Plaintiff of not disclosing documents, or not performing a good enough search, thereby wasting time and accumulating expenses.

### D. Interrogatory No. 17

Defendants complained to this Court that it is impossible for them to understand the basis of Plaintiff's damages claim. Consequently, Plaintiff engaged an expert to review Benjamin Evans' records and to assist with calculating damages. Plaintiff will

6

supplement his disclosure by the March 1 deadline for Plaintiff's Expert Disclosure. Defendants contend that Plaintiff is using the Expert Disclosure deadline as a shield to avoid providing the Court-ordered computation for each category of damages. This is another unreasonable assertion that no amount of effort can cure. Plaintiff engaged an expert because Defendants complained Plaintiff had not and yet they complain. Are Defendants suggesting that the Court's scheduling order applies differently to Plaintiff than it applies to Defendants? Defendants have not disclosed any of their experts yet and probably will not before their deadline. Defendants would have this Court believe that they are above the rules to which Plaintiff must be held.

A jury will understand the concept of loss of life even if Defendants do not. "§ 1983 explains that any person who, under color of law, deprives another of their constitutional rights, is "liable to the party injured." One of the injured parties is Benjamin Evans. Plaintiff intends to ask the jury to put a price on his life, in addition to the loss that burdens his Next-of-Kin for the rest of their lives. The Eighth Circuit Model Jury Instructions do not address loss of life as a measure of damages. The Eighth Circuit has ruled that "the model jury instructions are "helpful suggestions," but are not binding on the district courts." *United States v. Norton*, 846 F.2d 521, 525 (8th Cir. 1988). The fact that the model instructions do not address this issue will not stop Plaintiff from putting it before the jury.

## III.    Defendants have suffered no actual or real prejudice

Defendants were granted an extension to the discovery deadline ostensibly because they needed more time to obtain records and conduct more depositions. Defendants received

7

Benjamin Evans' Workers' Compensation records from Missouri weeks ago. They have not noticed or taken any depositions. They keep insisting that Plaintiff is withholding documents and interfering with their ability to complete their discovery. As demonstrated, what Defendants complain about cannot be remedied fast enough or well enough to satisfy them. Instead, they waste this Court's time and resources, disregarding the dictates of Rule 1 of Civil Procedure, the concepts of mutual compromise and communication, to gamesmanship and squabbling. They would have this Court punish Plaintiff with civil contempt despite Plaintiff's cooperation, good faith, and reasonable effort at compliance. Admittedly, Plaintiff's supplementation was five days late, which included a weekend. Counsel's lateness was not out of disrespect or disregard for the Court's Order but due to some unforeseen circumstances.

## **CONCLUSION**

Defendants have suffered no prejudice and have sufficient time with the extension to the discovery deadline to obtain any further documents they deem necessary. Imposing sanctions on a Plaintiff who acted in good faith and without a pattern of consistent

8

violations of Court orders is a severe and unwarranted remedy that will not serve the

purpose of a just and equitable resolution of this claim. Plaintiff prays that this Court deny

Defendants' motion in its entirety.

Dated: February 4, 2022                    **SANDBERG LAW FIRM**

By: *s/Elham B. Haddon*
Peter C. Sandberg, #095515
Elham B. Haddon, #0398698
Attorney for Plaintiff
4057 28th St. NW Suite 300
Rochester, MN 55901
Phone: (507) 282-3521
Fax: (507) 282-3532
psandberg@sandberg-law.com
ehaddon@sandberg-law.com

9